**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1135

_____

UNITED STATES OF AMERICA

v.

ERIC GUZMAN,
a/k/a Chino,

Appellant

_____

On Appeal from the United States
District Court for the District of New Jersey
(D.C. No. 2-19-cr-00431-001)
The Honorable Brian R. Martinotti

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2022

Before: JORDAN, HARDIMAN, and MATEY, *Circuit Judges*

(Opinion filed: September 29, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Eric Guzman appeals the denial of his motion for a reduced sentence. Because the District Court did not abuse its discretion, we will affirm.

**I.**

In 2019, Guzman pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846. He received a sentence of 72 months' imprisonment—just one year above the mandatory minimum and 34 years below the statutory maximum—followed by five years' supervised release. Currently in his mid-thirties, Guzman has food allergies, a history of asthma, and, shortly before incarceration, had surgery to repair an umbilical hernia and deviated septum. In 2021, he contracted COVID-19 and recovered without complication.

Guzman then filed a motion for a reduced sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Finding no supporting grounds, the District Court denied Guzman's motion. Guzman now appeals.[1]

**II.**

The First Step Act allows, but does not require, a reduced sentence that is "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3582(c)(1)(A), and we have jurisdiction under 28 U.S.C. § 1291. As we have noted, reducing a sentence "is a purely discretionary decision," so we review the District Court's decision for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022).

traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting § 3582(c)(1)(A)), *cert. denied*, 142 S. Ct. 1446 (2022).[2] The District Court did not abuse its discretion in holding that Guzman has not offered "extraordinary and compelling" reasons.

A reduced sentence for medical issues requires a "terminal illness" or some other serious condition "that substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Guzman does not meet that standard. As the District Court explained, he does not suffer from terminal illness, nor is he at risk of serious COVID-19 reinfection.[3] Because the District Court followed the framework required by the First Step Act, denying Guzman's motion was no abuse of discretion.[4]

---

[2] The Sentencing Commission's current policy statement provides that a defendant may show extraordinary and compelling reasons for a reduced sentence based on the defendant's medical condition, age, family circumstances, or for "other reasons." U.S.S.G. § 1B1.13 cmt. n.1.

[3] Of course, the District Court was not limited to the grounds for relief enumerated in the Sentencing Commission's policy statement, which are not binding on district courts considering prisoner-initiated motions under § 3582(c)(1)(A). *See Andrews*, 12 F.4th at 259. Still, we have said that the policy statement "sheds light" on the meaning of the phrase "extraordinary and compelling reasons." *Id.* at 260. We see no abuse of discretion in the District Court's determination that Guzman's medical issues, whether analyzed under the policy statement or otherwise, were not extraordinary or sufficiently compelling to warrant a sentence reduction.

[4] The District Court further explained that even if extraordinary and compelling reasons supported a reduced sentence, release would be inappropriate under 18 U.S.C. § 3553(a). The District Court noted no significant changes in fact or law since Guzman's sentencing less than two years earlier, other than his disciplinary infractions in prison. That finding, too, was not an abuse of discretion.

## III.

For these reasons, we will affirm the District Court's judgment.